IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES LEE WILLIAMS II,           )
                                 )
        Petitioner,               )
                                 )
                                 )     CIV-13-1280-C
v.                               )
                                 )
PAUL A. KASTNER, Warden,         )
                                 )
        Respondent.[1]            )

## REPORT AND RECOMMENDATION

In his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed December 4, 2013, Petitioner challenges seven misconducts entered in disciplinary proceedings conducted at the Federal Correctional Institution in El Reno, Oklahoma ("FCI El Reno"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules

---

[1] Although Petitioner named 25 individuals as Respondents in his Petition, Petitioner asserts that at the time the Petition was filed he was confined at the Federal Transfer Center located in Oklahoma City, Oklahoma ("FTC OKC"). Thus, FTC OKC Warden Kastner, as Petitioner's custodian, is the proper Respondent in this 28 U.S.C. § 2241 action. 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases (applied to this proceeding pursuant to Rule 1(b), Rules Governing Section 2254 Cases). Consequently, Warden Kastner is substituted as the proper Respondent.

1

Governing Section 2254 Cases in the United States District Courts.[2]

Before a 28 U.S.C. § 2241 action may be filed in federal court, exhaustion of available administrative remedies is required. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out, and do[es] so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006). A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrated that exhaustion is futile." Garza, 596 F.3d at 1203-04.

Nothing in the Petition reflects that Petitioner has exhausted available federal administrative remedies concerning ANY of the misconducts he has challenged in this action. See Administrative Remedy Program, 28 C.F.R. part 542, subpart B. Petitioner asserts that he has been denied due process in disciplinary proceedings conducted for Incident Report Number 2475927 (see Petition, Ex. 1, Incident Report Number 2475927, Refusing to obey an order of any staff member), Incident Report Number 2476267 (see Petition, Ex. 3, Incident Report Number 2476267, Refusing a Program, Refusing an Order), Incident Report Number 2477376 (see Petition, Ex. 2, Incident Report Number 2477376, Threatening another with Bodily Harm), Incident Report Number 2502346 (see Petition, Ex. 7, Incident Report Number 2502346, Threatening Another with Bodily Harm/Refusing an Order), Incident Report Number 2502668 (see Petition, Ex. 9, Incident Report Number 2502668, Assaulting

---

[2]Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

any person, Insolence towards staff), Incident Report Number 2507669 (see Petition, Ex. 8, Incident Report Number 2507669, Threatening Another Person with Bodily Harm (Attempted)), and Incident Report Number 2449696 (see Petition, Ex. 6, Incident Report Number 2449696, Assaulting Another Person with Minor Injury).

To appeal a disciplinary hearing officer ("DHO") report, the Administrative Remedy Program of the Bureau of Prisons ("BOP") requires that the inmate place "each separate incident report number . . . on a separate form" and the inmate "may use up to one letter-size . . . continuation page." 20 C.F.R. § 541.14(c)(2), (3). The inmate must submit the DHO appeal "to the Regional Director for the region where the inmate is currently located." 20 C.F.R. § 542.14(d)(2). An inmate who is not satisfied with the Regional Director's response may then "submit an Appeal on the appropriate form . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 20 C.F.R. § 541.15(a). "Appeal to the General Counsel is the final administration appeal." Id.

With respect to Petitioner's challenge to the misconduct entered for the offense charged in Incident Report Number 2475927, Petitioner states that he filed an administrative appeal with BOP's South Central Regional Office and that the administrative appeal was returned to him for procedural defects in the filing. Petitioner has attached to the Petition a copy of a "Rejection Notice - Administrative Remedy" dated October 2, 2013, directed to Petitioner from the Administrative Remedy Coordinator of the South Central Regional Office. In this Notice, Petitioner was advised that his regional appeal was being rejected and returned to him for procedural defects, including attempting to appeal more than one incident

report (Incident Report Numbers 2477376, 2476267, and 2475927) and submitting more than one continuation page. Petition, Ex. 1, at 20.

Petitioner alleges that after receiving the above-described rejection notice he refiled the administrative appeal with BOP's South Central Regional Office, but he does not allege or show that he completed all steps of the Administrative Remedy Program, including an appeal to the General Counsel and response from that office. See Jernigan v. Stuchell, 304 F.3d 1030, 1033 (10th Cir. 2002)(petitioner may not exhaust "administrative remedies by, in essence, failing to employ them"); Daybell v. Davis, 366 Fed. Appx. 960, 963 (10th Cir. 2010)(unpublished op.)("Where such a possibility of higher-level review exists, the exhaustion requirement may not be evaded."). A futility exception does not apply because there is no indication that administrative relief was "effectively foreclosed" to Petitioner. See Goodwin v. Oklahoma, 923 F.2d 156, 158 (10th Cir. 1991).

With respect to Petitioner's challenge to the misconduct entered for the offense charged in Incident Report Number 2476267, Petitioner states that he filed an administrative appeal of the DHO report to BOP's South Central Regional Office and that the administrative appeal was returned to him for procedural defects in the filing. Petitioner alleges that after receiving the rejection notice he refiled the administrative remedy with BOP's South Central Regional Office. However, Petitioner does not allege or demonstrate that he completed all steps of the Administrative Remedy Program, including an appeal to the General Counsel and response from that office. A futility exception does not apply because there is no indication that administrative relief was "effectively foreclosed" to Petitioner. See Id.

With respect to Petitioner's challenge to the misconduct entered for the offense charged in Incident Report Number 2477376, Petitioner states that he filed an administrative appeal of the DHO report to the BOP's South Central Regional Office but that the administrative appeal was returned to him for procedural defects. Petitioner alleges that after receiving the rejection notice he refiled the administrative appeal with BOP's South Central Regional Office. However, Petitioner does not allege or demonstrate that he completed all steps of the Administrative Remedy Program, including an appeal to the General Counsel and response from that office. A futility exception does not apply because there is no indication that administrative relief was "effectively foreclosed" to Petitioner. See Id.

With respect to Petitioner's challenge to the misconduct entered for the offense charged in Incident Report Number 2502668, Petitioner does not allege or demonstrate that he completed all steps of the Administrative Remedy Program, including an appeal to the General Counsel and response from that office. A futility exception does not apply because there is no indication that administrative relief was "effectively foreclosed" to Petitioner. See Id.

With respect to Petitioner's challenge to the misconduct entered for the offense charged in Incident Report Number 2449696, Petitioner alleged that he filed an administrative appeal of the DHO report to the BOP's South Central Regional Office but that the administrative appeal was returned to him for procedural defects. Petitioner alleges that he refiled the administrative remedy with BOP's South Central Regional Office. However, Petitioner does not allege or demonstrate that he completed all steps of the Administrative

Remedy Program, including an appeal to the General Counsel and response from that office. A futility exception does not apply because there is no indication that administrative relief was "effectively foreclosed" to Petitioner. See Id.

The district court has the authority under Rule 4 to examine and dismiss habeas petitions that plainly show the petitioner is not entitled to habeas relief prior to any answer or other pleading by the respondent. Moreover, the district court's *sua sponte* consideration of whether the BOP's administrative remedies have been exhausted will not prejudice Petitioner because he has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. See Smith v. Dorsey, No. 93-2229, 1994 WL 396069, *3 (10th Cir. 1994)(unpublished op.)(finding "no due process problem" where Magistrate Judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof)(citing Hardiman v. Reynolds, 971 F.2d 500 (10th Cir. 1992)). Accordingly, the action should be dismissed in part due to Petitioner's failure to exhaust administrative remedies concerning misconducts entered for offenses charged in Incident Report Number 2475927 (see Petition, Ex. 1, Incident Report Number 2475927, Refusing to obey an order of any staff member), Incident Report Number 2476267 (see Petition, Ex. 3, Incident Report Number 2476267, Refusing a Program, Refusing an Order), Incident Report Number 2477376 (see Petition, Ex. 2, Incident Report Number 2477376, Threatening another with Bodily Harm), Incident Report Number 2502668 (see Petition, Ex. 9, Incident Report Number 2502668, Assaulting any person, Insolence towards staff), and Incident Report Number 2449696 (see Petition, Ex. 6,

Incident Report Number 2449696, Assaulting Another Person with Minor Injury).[3]

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED in part for failure to exhaust administrative remedies as to Petitioner's challenges to misconducts arising from Incident Report Number 2475927 (Refusing to obey an order of any staff member), Incident Report Number 2476267 (Refusing a Program, Refusing an Order), Incident Report Number 2477376 (Threatening Another with Bodily Harm), Incident Report Number 2502668 (Assaulting any Person, Insolence towards Staff), and Incident Report Number 2449696 (Assaulting Another Person with Minor Injury).

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___January 9th___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate

---

[3]With respect to Petitioner's challenges to the misconduct entered for the offense charged in Incident Report Number 2502346 and the misconduct entered for the offense charged in Incident Report Number 2507669, Petitioner contends that his attempt to pursue an administrative appeal of the DHO reports has been obstructed because three correctional officials, Unit Manager Willette Smithers, Case Manager Angela Worth, and Counselor Jeff Smith, have refused to provide him the proper form. The undersigned is not recommending dismissal of the challenges to the misconducts arising from these two incident reports.

judge's recommendations are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this     20th     day of     December    , 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE