IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES LEE WILLIAMS II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-13-1280-C |
| | ) | |
| PAUL A. KASTNER, Warden, | ) | |
| | ) | |
| Respondent | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

This action for habeas corpus relief pursuant to 28 U.S.C. § 2241 is brought by a prisoner, proceeding pro se. The undersigned referred the case to United States Magistrate Judge Gary M. Purcell, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered a Report and Recommendation ("R&R") on December 20, 2013, to which Petitioner has timely objected.

In the R&R, Judge Purcell recommended dismissal of Petitioner's case as to Incident Report Nos. 2475927, 2476267, 2477376, 2502668, and 2449696 for failure to exhaust available administrative remedies. The facts and law regarding the necessity of exhaustion and Petitioner's failure to satisfy the requirements for exhaustion are accurately set out in Judge Purcell's R&R and there is no purpose to be served in repeating them yet again. Petitioner raises two challenges to the recommendation in his Objection: 1) that the requirement of exhaustion in a § 2241 claim is a judicial creation, rather than a statutory requirement; and 2) that Judge Purcell erred by raising the failure to exhaust *sua sponte*. Both objections are without merit. First, as Judge Purcell noted, Tenth Circuit precedent

clearly imposes an exhaustion requirement on § 2241 cases. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). Regardless of the source of the exhaustion requirement, this Court is bound to adhere to clear Circuit precedent. Second, the Tenth Circuit has stated that it is permissible for a court to raise the failure to exhaust issue *sua sponte*. See Walker v. Stanley, 216 F. App'x 803 (10th Cir. 2007). Petitioner argues that he alleged exhaustion and that allegation must be taken as true. While his Petition may have made that allegation, it was not supported by the facts alleged, and once addressed, *sua sponte* by Judge Purcell, Petitioner then had the obligation to demonstrate exhaustion. See Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981) ("The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions."). Petitioner has made no attempt to demonstrate exhaustion in his Objection and has thus failed to meet that burden.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 8), and for the reasons announced therein, dismisses Petitioner's claims related to or arising from Incident Report Nos. 2475927, 2476267, 2477376, 2502668, and 2449696. This matter is returned to Magistrate Judge Purcell under the terms of the original order of referral for further proceedings.

IT IS SO ORDERED this 9th day of May, 2014.

ROBIN J. CAUTHRON
United States District Judge